0106. Council ready? May proceed. Thank you, Your Honors, and good morning. My name is Gilbert Lantz. I'm from the Office of the State Appellate Defender, and I'm here on behalf of Brandon Harris. Your Honors, the question before this Court this morning is very straightforward. It's whether Mr. Harris's pro se post-conviction petition states an arguable claim of ineffective assistance of guilty plea counsel. Could you speak up a little? It's being recorded, and that's why I'm afraid it's not going to get on. Okay, I'm sorry, I guess. Absolutely, Your Honor. The question before the Court is whether, very straightforward, whether Mr. Harris's pro se allegation of ineffective assistance of plea counsel states an arguable claim such that a remand for second stage proceedings is required. In particular, Mr. Harris alleges that counsel was ineffective for misstating the law when he told Harris that he was automatically guilty of the charged offenses simply because he had prior meth convictions. That pleading alone, that pro se pleading alone states an arguable claim that requires further proceedings because it satisfies both prongs of a strickling test at the first stage. We know that if counsel said that, and we have to assume right now that he did, that that was objectively unreasonable as a misstatement of the law because, of course, the State had to prove more than merely prior convictions to prove the charged offenses. And we know that that states an arguable claim of prejudice as well because it's not a mere, bare allegation of prejudice that he's just not saying, well, I wouldn't have pled guilty. He's saying, I wouldn't have pled guilty, I would have gone to trial, and I would have had a defense, which is that I would have put a credibility contest before the trier of fact because I did not possess meth and I did not know that Ms. Potts possessed meth. So this pro se pleading alone makes an arguable claim that requires further proceedings, and that's indicated by the Illinois Supreme Court's decision in Hall where nearly identical pleadings were actually advanced to a third stage hearing. So if the Hall pleadings satisfy the second stage standard, certainly Mr. Harris's pro se pleadings satisfy the first stage standard, and this Court should remain for second stage proceedings. And finally, Your Honors, the State does not, the State's brief does not directly respond to any of the points that Mr. Harris just made. Instead, they argue in the brief that there are essentially two other reasons why the Court should affirm for a failure to show prejudice. One, that essentially counsel's advice to take the plea offer was reasonable, but that is not what Mr. Harris is arguing here. The question is whether under Mr. Harris's understanding of the law when he pleaded guilty, as informed by counsel, whether that was a valid plea in light of counsel's misstatement of the law. So that issue the State raises is not the issue before the Court. And similarly, the State argues that there was no prejudice from counsel's stipulation to the factual basis. But again, that's not the issue before the Court because the only reason we're discussing the factual basis is it was, as we're discussing the whole record here, one way the Court could affirm is if anything in the record rebutted Mr. Harris's claim and nothing in this record rebutts his claim, including the fact that there was no factual basis that he heard in court. So because nothing in the record rebutts his claim and because his pro se pleading State's inarguable claim of ineffective assistance, this Court should remain for second stage proceedings with the appointment of counsel. Thank you very much. Thank you, Counsel. May it please the Court. Counsel. Jessica Book for the people. Here, the trial court properly dismissed defendant's pro se petition or pro se post-conviction petition because it was frivolous and patently without merit. A lot of the defendant's main allegations with regard to the ineffective assistance of counsel argued that his counsel improperly informed him regarding the standard would be required for proof. However, the record positively rebuts that. And would more so if the actual preliminary hearing for Potts, the co-defendant, the transcript had been provided for that as well. However, the record as it stands also positively rebuts that. And the standard is a de novo review. However, when the defendant has to state the gist of a constitutional claim, it has to be based on a factual basis that is not positively rebutted by the record. And the review of the record has to determine if they are positively rebutted. And here, if the court would look at the transcript from the plea hearing 13 through 15, the defendant on the record, when asked by the court, is that your understanding of the plea agreement? Yes, sir. Has anyone threatened you or done anything to make you plead guilty today? No, Your Honor. Are you doing this of your own free will? Yes, sir. Have you had enough time to speak with your attorney? Yes. Did he talk you into taking this deal, which at that point, based on the defendant's claims of ineffective assistance of counsel, he could have indicated, well, yes, he told me this, and I don't think it's true. However, he said, no, I did. I made up my own mind. I listened to him, but then I made up my own mind. He didn't force me. He didn't coerce me to do it. But didn't he allege that he had been advised by his counsel that his prior crimes rendered him guilty, regardless of his maintaining that he was innocent? He did allege that. And are we required to take his allegations as true at this stage? Unless positively rebutted by the record. So what in the record positively rebuts those allegations? His allegation, if you break his allegation down into two parts, one, that he believed counsel when counsel said that, or that he based his agreement for the plea on counsel saying that, that's rebutted by the statements from on pages 13, or the transcript record, pages 13 to 15, where he says, no, I did this in my own free will. The other part of his allegation. But that doesn't rebut the fact that he was misadvised as he alleges? His main allegation of being misadvised is based on his assertion that he did not have the drugs on him. That he believed because of his prior, he claims because his attorney told him because of his priors, he was automatically guilty. But he asserted as a foundation of that, that he could not be guilty because he didn't have the drugs on him. But there's nothing in the record that establishes that he had drugs on him, is there? There is a statement that the trial court referenced that was the statement of facts provided to the DOC, which is routine when someone is sentenced to DOC. You have to provide the basis for what? That was a preliminary hearing for another person? No, the statement of facts provided to the DOC is actually a separate document that is in the documents. I believe it's. He didn't see that document, did he? He did not see that document. And that was a document that was provided after the plea. But that's part of the record. Also, if we had a transcript of the preliminary hearing of Potts, that would also be part of the record. And it should be part of the record. And that would have provided the rest of the factual basis that he bases this whole thing on. If I had had the factual basis, I would know. That would have provided that. The judge referenced that he's taking judicial notice of it and that he finds it acceptable to show that the defendant had on his possession the methamphetamine. But it's not part of the record, per se, verbatim, because it wasn't provided. Also, the defendant talks a lot about had he known about the, had his counsel not agreed to stipulate that the facts would have been presented as they were presented at Potts' preliminary hearing, then he would have been made aware of the facts and then he could have then formulated his I'm not guilty because it wasn't on me defense. However, his counsel cannot be found ineffective for agreeing to stipulate to that because the purpose of Rule 402 is not to apprise the defendant of his guilt and the facts. It's to allow the trial court to make the connection between the defendant and the alleged offense, which is perfectly acceptable to agree to stipulate in the manner that trial counsel did here. The defendant to say that had he heard a factual basis he would have known is out of place when you look at the many, many times a defendant has contact with his, presumably has contact with his trial counsel before you actually get to the plea agreement. He's got the arraignment. He's got the appointment. He's got hopefully meetings with his trial counsel. He's got the preliminary hearing, which was waived. Had the defendant argued at any point there that his trial counsel never met with him and therefore he didn't know that he could use the defense and the statement that he was going to be found automatically guilty because of his priors would make more sense. It would be a more valid argument. However, he bases his facts, he bases his support solely on he didn't hear the factual basis at the end of the plea agreement. So once again. At this stage of the proceedings, the only thing we're to look at is his allegations and the record before us as to whether or not we can establish from the record that they are positively rebutted. Yes, Your Honor. Correct? Yes, Your Honor. That is correct. And I think that makes it a problem when the preliminary hearing that was referred to he wasn't present that had nothing to do with him. And that's the basis for the allegations the judge used to say that they were positively rebutted. Your Honor, without having the transcript from the preliminary hearing, although he wasn't present at the preliminary hearing, we don't know if it had anything to do with him. We don't know if the officer testified about his role and what the officer testified to because it was not provided as part of this record. That's my point. Okay. All right. Well, we believe that the record does positively rebut the defendant's allegations, and we ask that you please uphold the trial court's dismissal at the first stage. Thank you. Thank you. Rebuttal? Yes, Your Honor. Very briefly, Your Honors. The point of this whole argument that Mr. Harris is presenting is what his state of mind was when he pleaded guilty. So under counsel's advice, his understanding of the law at that time that he was automatically guilty because of his priors. So the fact that his plea appeared voluntary on the record is really of no moment here. At a second stage, his counsel can provide information that rebuts that himself at that point. Yeah, possibly at the second stage, certainly. He can disagree with that. Certainly at the third stage hearing, if not the second stage. Yes, absolutely, Your Honor. And just quickly on both the official statements from the state as well as the factual basis, the court should not be distracted by those things. The key allegation here is that he was misadvised by counsel, and the point of all the other discussion is that none of that shows the record rebutts his claim. So for that reason, this court should be remanded for second stage proceedings. Thank you. Thank you, counsel, for your arguments. The court will take this matter under advisement. If there is a decision due to be made.